## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROBERT GARRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 2:20-cv-02138** |
| **v.** | ) | |
| | ) | Removal from the District Court of |
| **WALMART, INC.,** | ) | Johnson County, Kansas |
| | ) | Case No. 20CV01020 |
| **and** | ) | |
| | ) | |
| **COREY SEWELL,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Walmart, Inc. and Corey Sewell (hereinafter referred to as "Defendants") hereby remove to the United States District Court for the District of Kansas the action styled *Robert Garrison v. Walmart, Inc. and Corey Sewell*, Case No. 20CV01020, from the District Court of Johnson County, Kansas. Defendants states the following in support of removal:

## STATE COURT ACTION

1.     On February 24, 2020, Plaintiff Robert Garrison ("Plaintiff") commenced this matter by filing his Petition for Damages in the case styled *Robert Garrison v. Walmart, Inc. and Corey Sewell*, Case No. 20CV01020, in the District Court of Johnson County, Kansas. (the "State Court Action").

2.     Plaintiff's Petition for Damages in the State Court Action purports to assert claims of premises liability, negligence and respondeat superior against the Defendants.

1

3.      Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

4.      Defendant Walmart, Inc. was served via U.S. Mail on March 2, 2020.

5.      Defendant Corey Sewell was served via U.S. Mail on March 9, 2020.

6.      This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant Walmart, Inc. may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

7.      A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## CONSENT TO REMOVAL

8.      Defendant Corey Sewell, though fraudulently joined as a defendant in this matter, consents to this removal. *See* Exhibit B, Declaration of Corey Sewell.

## REMOVAL IS TIMELY

9.      A Notice of Removal is required to be filed within thirty (30) days that the Defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

10.     Defendant Walmart, Inc. was served with process on March 2, 2020.

11.     Defendant Corey Sewell was served with process on March 9, 2020.

12.     This Notice of Removal is being filed on or before April 1, 2020.

<u>VENUE REQUIREMENT IS MET</u>

13.     Venue is proper, in that this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. 28 U.S.C. § 1441(a) and Local Rule 3.2(a)(3)(B).

<u>DIVERSITY JURISDICTION EXISTS</u>

**Plaintiff Robert Garrison**

14.     Plaintiff is a resident and citizen of the State of Kansas. *See* Exhibit A, Plaintiff's Petition ¶ 1.

**Defendant Walmart, Inc.**

15.     Defendant Walmart, Inc., for purpose of establishing that complete diversity of citizenship exists for this controversy, states that it is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Kansas and is neither a citizen nor a resident of the State of Kansas.

**Defendant Corey Sewell**

16.     Defendant Sewell is a resident and citizen of Kansas. *See* Exhibit B, Declaration of Corey Sewell.

17.     In the Petition, Plaintiff alleges that Defendant Sewell "is the general manager and/or co-manager of Walmart Supercenter #3279." *See* Exhibit A, Plaintiff's Petition ¶ 18.

18.     Plaintiff further alleges that Defendant Sewell had the "ultimate and overall responsibility within defendant Walmart to ensure the safety of retail shoppers at the store by conforming his and his employees' actions to their duties of reasonable care." *Id.*

19.    However, while Defendant Sewell is the current Store Manager for Walmart Supercenter #3279, he was not an employee and was not the Store Manager at Walmart Supercenter #3279 on December 20, 2018. *See* Exhibit B, Declaration of Corey Sewell.

20.    Accordingly, Defendant Sewell has been fraudulently joined as a defendant in this matter and his citizenship should not be considered for the purpose of determining federal subject-matter jurisdiction.

21.    "A defendant who is fraudulently joined is ignored for purposes of assessing complete diversity." *Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013).

22.    A defendant may establish fraudulent joinder by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Boyce v. Wal-Mart Stores, Inc.*, 2016 WL 2941339, *1 (D.Kan. 2016). Where a defendant does not challenge jurisdictional facts, it "must prove [its] allegation of fraudulent joinder by demonstrating that there is no possibility that plaintiff would be able to establish a cause of action against [the non-diverse defendant] in state court." *Id.*

23.    While there does not appear to be actual fraud in the pleading of jurisdictional facts in this matter, it is clear that Plaintiff will be unable to establish a cause of action against Defendant Sewell under Kansas law. Under Kansas state law, "an agent of a corporation is not liable for torts committed by the corporation unless the agent willfully participates in the tort. *Id.* (citing *Kerns ex. rel. Kerns v. G.A.C., Inc.*, 875 P.2d 949, 957 (Kan. 1994). Specifically, Kansas law allows for the agent to be held liable for acts of misfeasance, not nonfeasance. *Id.* (citing *Russell v. American Rock Crusher Co.*, 317 P.2d 847, 850 (Kan. 1957). The distinction is one of action – misfeasance

– versus inaction – nonfeasance. *Boyce v. Wal-Mart Stores, Inc.*, 2016 WL 2941339, *1 (D.Kan. 2016) (citing *Kerns ex. rel. Kerns v. G.A.C., Inc.*, 875 P.2d 949, 957 (Kan. 1994).

24.     In the Petition, Plaintiff does not allege misfeasance against Defendant Sewell (or against Defendant Walmart), but instead makes general allegations of nonfeasance, alleging that "[d]efendants had actual knowledge" of the alleged dangerous condition and/or that "defendants would and should have had actual knowledge" of the alleged dangerous condition." *See* Exhibit A, Plaintiff's Petition ¶ 11. Plaintiff then makes unsupported allegation that Defendant Sewell "was a manager or comparable role of management at the time of plaintiff's fall." *See* Exhibit A, Plaintiff's Petition ¶ 25. Plaintiff then makes the same general allegations of nonfeasance against Defendant Sewell, alleging generally that he had "the ultimate responsibility at the store in questions to plan, carry out, and ensure the store in question and all of its employees were working to fulfill the duties of reasonableness at the store." *See* Exhibit A, Plaintiff's Petition ¶ 26.

25.     In fact, Defendant Sewell was not a manager or even an employee at the store at the time of Plaintiff's fall, thus Plaintiff cannot make any credible allegations of misfeasance regarding Defendant Sewell. *See* Exhibit B, Declaration of Corey Sewell.

26.     Consequently, Defendant Sewell was fraudulently joined as a defendant in this matter for the purpose of defeating diversity jurisdiction. *See Boyce v. Wal-Mart Stores, Inc.*, 2016 WL 2941339, *1 (D.Kan. 2016).

27.     Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

28.     A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). A

district court has subject matter jurisdiction in a diversity case when "'a fact finder might legally conclude' that damages exceed the statutory amount." *Robertson v. Asplundh Tree Expert Co.*, 2017 WL 4099479, *2 (D.Kan. 2017).

29.     In his Petition, Plaintiff explicitly prays for damages "in excess of Seventy-five Thousand Dollars ($75,000)" for his alleged damages. *See* Exhibit A, Plaintiff's Petition.

30.     Based on Plaintiff's explicit prayer for damages in excess of the statutory amount, a fact finder might legally conclude from Plaintiff's Petition that the amount in controversy in this matter is in excess of $75,000.

## REMOVAL IS PROPER

31.     Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the District Court of Johnson County, Kansas; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

32.     The U.S. District Court for the District of Kansas is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a); Local Rule 81.1(b)(1).

## FILING OF REMOVAL PAPERS

33.     Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the District Court of Johnson County, Kansas, as required by 28 U.S.C. § 1446(d).

## JURY TRIAL DEMANDED

34.     Defendant Walmart, Inc. requests jury trial on all matters.

## DESIGNATION OF PLACE OF TRIAL

35.     Defendant hereby designates Kansas City, Kansas as the place for trial.

<u>CONCLUSION</u>

WHEREFORE, Defendant Walmart, Inc. and Defendant Corey Sewell do hereby remove the above-captioned action from the District Court of Johnson County, State of Kansas, and request that further proceedings be conducted in this Court as provided by law.

DATED: March 23, 2020

Respectfully submitted:


/s/ M. Jared Marsh
Lindsay P. Windham          (KS #26212)
M. Jared Marsh              (KS #21111)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANTS



**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 23rd day of March 2020, the foregoing was electronically mailed to:

Nancy E. Kenner
Andrew M. DeMarea
Kenner Nygaard DeMarea Kendall LLC
117 W. 20th Street, Suite 201
Kansas City, MO 64108
816-531-3100
816-531-3600 (fax)
nancy@kndklaw.com
andy@kndklaw.com
ATTORNEYS FOR PLAINTIFF


/s/ M. Jared Marsh
ATTORNEY FOR DEFENDANTS

7