20CV01020
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| ROBERT GARRISON, an individual Kansas resident,<br><br>                   Plaintiff,<br><br>vs.<br><br>WALMART INC., a Delaware corporation, d/b/a Walmart Supercenter #3273,<br><u>serve</u>:  The Corporation Company, Inc.<br>         Registered Agent<br>         112 SW 7th St., Suite 3C<br>         Topeka, KS 66603<br><br>and<br><br>COREY SEWELL, an individual Kansas resident,<br><u>serve</u>:  1406 N. Martway Dr.<br>         Olathe, KS<br><br>                   Defendants. | Case No.: _____<br>Div. ____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY DEMAND |

## PETITION FOR DAMAGES

Plaintiff Robert Garrison, by and through counsel, for his Petition against the defendants, states and alleges as follows:

*The Parties, Jurisdiction and Venue*

1.      Plaintiff Garrison is an individual residing in Johnson County, Kansas.

2.      Defendant Walmart Inc. ("Walmart" herein) is a Delaware corporation with a principal place of business in Arkansas, and which is registered to do business in the State of Kansas. It is listed as active and in good standing with the Kansas Secretary of State. This defendant may be served with process by delivering a summons and a copy of this Petition for Damages to its registered agent at the address shown above, or as it may otherwise be found and served pursuant to K.S.A. Chapter 60.

*Clerk of the District Court, Johnson County Kansas*
*02/24/20 08:48am HS*

3.  Defendant Walmart owns and operates a retail store located at 15700 Metcalf Avenue in Overland Park, Johnson County, Kansas. Defendant Walmart does business at that location as (variously) Walmart Supercenter #3273, Supercenter #3273, and Store #3273, among other names.

4.  Defendant Sewell is the general manager and/or co-manager of Walmart Supercenter #3279 and, as such, has the ultimate and overall responsibility within defendant Walmart to ensure the safety of retail shoppers at that store by conforming his and his employees' actions to their duties of reasonable care, including taking reasonable precautions to ensure they are not injured while they are shopping, as pleaded in further detail below.

5.  This Court has jurisdiction over the parties and these claims, pursuant to K.S.A. Chapter 60.

6.  Venue of these claims is appropriate with this Court pursuant to K.S.A. 60-601, *et seq.*, because the plaintiff lives in Johnson County, the defendants own, operate and work at a retail business located in Johnson County, and the negligent acts of the defendants at issue occurred at the defendant Walmart's referenced store location in Johnson County.

*Facts of the Incident*

7.  On or about December 20, 2018, plaintiff was lawfully present and shopping at defendants' retail store, Supercenter #3273.

8.  While in an aisle of the store, plaintiff walked unaware into a slippery substance on the floor of the aisle, and lost his footing.

9.  Plaintiff had been walking normally and exercising reasonable care for his footing, and was reasonably looking where he was going as he proceeded.

10. Plaintiff's fall was caused by the negligence of the defendants, including as set forth below.

11. Defendants had actual knowledge of the material on the floor, and/or with the exercise of reasonable diligence, including but not limited to following their own policies and practices and/or reasonable policies and practices, defendants would and should have had actual knowledge, of the dangerous and unsafe condition being created that caused plaintiff's fall.

12. As a direct and proximate result of defendants' negligence, plaintiff suffered severe and debilitating personal injuries, including but not limited to the following:

   a. a multi-fragmented markedly displaced periprosthetic fracture of his left femur, extending from the midshaft to the distal diaphysis;

   b. immediate open reduction surgery on the fracture using a lateral locking plate with multiple screws;

   c. further innovative methods for reduction and fixation were required due to the extremely complex metaphyseal and distal shaft fractures with butterfly segments;

   d. acute blood loss and hypoxia post-surgery;

   e. daily physician oversight and rigorous physical rehabilitation, including at an in-patient facility;

   f. transfer to a second skilled nursing facility including five additional weeks of physical rehabilitation;

   g. five additional weeks of home health care once discharged;

   h. continued follow up with numerous physicians during the subsequent year, which continue to the present day;

   i. continued need for physical rehabilitation and training, and continued use of medical equipment to move and ambulate, all of which continues to the present day.

13. Plaintiff's active, ongoing treatments and follow up procedures from the acute injury lasted for nearly a year after the fall. Throughout that time, he experienced severe, debilitating, dehumanizing pain. His pain continues today, as does his general immobility, despite all the work he has done to rehabilitate his body.

14. Plaintiff's life and physical abilities have been changed permanently by his injuries from the fall. He will require continued follow up care into the future for an unknown period of time, but likely for the rest of his life.

15. The value of the costs of plaintiff's medical treatments to date from his injuries from the fall exceeds $225,000.

16. Plaintiff's damages include but are not necessarily limited to: past and future medical bills and costs of treatment of his injuries; pain and suffering; loss of consortium on behalf of his wife of many years; and other damages.

## COUNT I
### *Premises Liability of Defendant Walmart*

17. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

18. At the time he fell, plaintiff was lawfully on the defendant's property and was not a trespasser.

19. By operating a retail store open to the general public, from which this defendant profits from selling merchandise, defendant Walmart has a duty not to expose the general public needlessly to danger, including unreasonable risks of falls in the store. This duty includes but is by no means limited to the following:

    a. To have and follow a reasonable plan for monitoring floors, including for liquids or other items spilled on floors that could cause a fall hazard;

   b. To have and to follow a reasonable plan for requiring and/or taking reports about hazardous conditions of floors, including for liquids or other items spilled on floors that could cause a fall hazard;

   c. To have and to follow a reasonable plan for cleaning floors, including for liquids or other items spilled on floors that could cause a fall hazard;

   d. To take reasonable steps to prevent the spillage of the substance plaintiff fell in and other substances like it;

   e. To take reasonable steps with reasonable diligence to clean up the substance plaintiff fell in;

   f. To train all employees in the importance of fulfilling these duties and to ensure that all employees carried out their job responsibilities so as to accomplish these duties;

   g. To prioritize the health, safety and well-being of guests and shoppers in the store and ensure their safety from unreasonable fall hazards while in the store;

   h. and, potentially other duties as implicated by the evidence and learned during discovery.

20. This defendant failed in and breached its duty of care to the plaintiff. This constituted negligence.

21. Plaintiff was walking normally and was taking reasonable precaution to look where he was going and to avoid knowingly putting himself in harm's way.

22. Defendant had actual knowledge and notice of the hazardous substance on the floor, which plaintiff fell in, and/or would have had actual knowledge and notice of the substance if defendant had been actively monitoring the floors per its guidelines and to the extent of its capabilities to monitor the floors.

23. As a direct and proximate result of the negligent acts and omissions of the defendant, plaintiff suffered personal injuries and damages in an amount in excess of $75,000 as

will be proven at trial, including but not necessarily limited to the aspects of his injuries listed above, and other damages. Plaintiff's damages include but are not limited to medical bills for past and future treatments, other care costs, and his extreme pain and suffering from the injuries and from the treatment for the injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant Walmart for damages that are fair and reasonable and in excess of Seventy-five Thousand Dollars ($75,000.00) for the injuries and damages sustained, for Plaintiff's costs and expenses herein incurred and expended, and for such other and further relief as this Court deems just and proper.

## COUNT II
### *Negligence of Defendant Sewell*

24. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

25. Defendant Sewell is a manager of the Walmart location in question, and on information and belief was a manager or comparable role of management at the time of plaintiff's fall.

26. Referencing the duties listed in Count I of the defendant Walmart, defendant Sewell as manager had the ultimate responsibility at the store in question to plan, carry out, and ensure the store in question and all of its employees were working to fulfill the duties of reasonableness at the store.

27. Defendant Sewell failed in doing all these things and thereby breached his duty of care to the plaintiff. This constituted negligence.

28. As a direct and proximate result of the negligent acts and omissions of the defendant, plaintiff suffered personal injuries and damages in an amount in excess of $75,000 as will be proven at trial, including but not necessarily limited to the aspects of his injuries listed

above, and other damages. Plaintiff's damages include but are not limited to medical bills for past and future treatments, other care costs, and his extreme pain and suffering from the injuries and from the treatment for the injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant Sewell for damages that are fair and reasonable and in excess of Seventy-five Thousand Dollars ($75,000.00) for the injuries and damages sustained, for Plaintiff's costs and expenses herein incurred and expended, and for such other and further relief as this Court deems just and proper.

## COUNT III
### *Respondeat Superior Liability of Defendant Walmart*

29. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

30. At the time of the relevant events, any and all individuals involved in carrying out the duties listed in Count I, above, were employees and/or authorized agents of defendant Walmart, potentially including but not limited to defendant Sewell.

31. Accordingly, defendant Walmart had the right and/or the duty to control the actions and activities of such employees and/or authorized agents, and defendant Walmart would be and is responsible for any and all breaches of the standard of care by any and/or all of its employees and authorized agents under the doctrine of vicarious liability/*respondeat superior*, to the full extent of plaintiff's injuries and damages claimed.

WHEREFORE, Plaintiff prays for judgment against Defendant Walmart for damages that are fair and reasonable and in excess of Seventy-five Thousand Dollars ($75,000.00) for the injuries and damages sustained, for Plaintiff's costs and expenses herein incurred and expended, and for such other and further relief as this Court deems just and proper.

## COUNT IV
### *Loss of Consortium*

32. Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

33. In addition to the plaintiff's own personal injuries, the fall and resulting injuries due to the defendants' respective acts of negligence also directly and proximately caused a loss of companionship, services, and consortium of plaintiff to his wife, Vee.

34. The value of the referenced losses and damages exceed $75,000 as will be proven at trial.

35. Pursuant to Kansas law, plaintiff seeks to recover the value of these losses for and on behalf of his spouse.

WHEREFORE, Plaintiff respectfully prays for judgment against both defendants for damages that are fair and reasonable and in excess of Seventy-five Thousand Dollars ($75,000) for the injuries and damages sustained, for Plaintiff's costs and expenses herein incurred and expended, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Andrew M. DeMarea
Nancy E. Kenner    KS #26181
Andrew M. DeMarea    KS #16141
Kenner Nygaard DeMarea Kendall LLC
117 W. 20th Street, Suite 201
Kansas City, MO  64108
816-531-3100
816-531-3600 (fax)
*nancy@kndklaw.com*
*andy@kndklaw.com*

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues in this case so triable.

Respectfully submitted,

/s/ Andrew M. DeMarea
Nancy E. Kenner    KS #26181
Andrew M. DeMarea    KS #16141
Kenner Nygaard DeMarea Kendall LLC
117 W. 20th Street, Suite 201
Kansas City, MO  64108
816-531-3100
816-531-3600 (fax)
*nancy@kndklaw.com*
*andy@kndklaw.com*

ATTORNEYS FOR PLAINTIFF

20CV01020
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

ROBERT GARRISON,

                    Plaintiff               Case No: 20-CV-1020

vs                                         Division: 4

                                                   K.S.A. Chapter 60

WALMART INC., et al.

                    Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for WALMART INC., a Delaware corporation, d/b/a Walmart Supercenter #3273, whose address for service is:

    The Corporation Company, Inc.
    Registered Agent
    112 SW 7th Street, Suite 3C
    Topeka, KS 66603

Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

PLEASE RETURN SUMMONS AND FILED PETITION TO ATTORNEY FOR SERVICE VIA CMRRR

                                                By: /s/ ANDREW M DE MAREA
                                                ANDREW M DE MAREA, #16141
                                                117 W 20TH ST STE 201
                                                KANSAS CITY, MO 64108
                                                816-531-3100

*Clerk of the District Court, Johnson County Kansas*
*02/26/20 12:43pm NG*

20CV01020
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

ROBERT GARRISON,

                    Plaintiff

vs

WALMART INC., et al.

                    Defendant

Case No: 20-CV-1020
Division:  4
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for COREY SEWELL, an individual Kansas resident, whose address for service is:

    1406 N. MARTWAY DRIVE.
    OLATHE, KS 66061

Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

PLEASE RETURN SUMMONS AND FILED PETITION TO ATTORNEY FOR SERVICE VIA CMRRR

By: /s/ ANDREW M DE MAREA
ANDREW M DE MAREA, #16141
117 W 20TH ST STE 201
KANSAS CITY, MO 64108
816-531-3100

*Clerk of the District Court, Johnson County Kansas*
*02/26/20  12:43pm NG*

20CV01020
Div4

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| ROBERT GARRISON, | ) | |
| Plaintiff, | ) | Case No: 20-CV-1020 |
| vs. | ) | Division: 4 |
| | ) | K.S.A. Chapter 60 |
| WALMART INC., *et al.* | ) | |
| Defendants. | ) | JURY TRIAL |

## RETURN OF SERVICE OF DEFENDANT

The undersigned hereby certifies that service of process has been obtained on defendant Walmart Inc., by mailing the Petition and a summons to the defendant's registered agent by certified mail, return receipt requested, which was signed for by the registered agent on March 2, 2020. A true and accurate copy of the green mailing card including the registered agent's signature is attached hereto on page 2.

Respectfully submitted,

*/s/ Andrew M. DeMarea*
Andrew M. DeMarea                    (KS#16141)
KENNER NYGAARD DeMAREA KENDALL LLC
117 W. 20th St., Suite 201
Kansas City, MO 64108
(816) 531-3100
Fax No. (816) 531-3600
andy@kndklaw.com

ATTORNEY FOR PLAINTIFF



